UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **25-mj-8658-BER**

IN RE COMPLAINT

_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:  */s/ Adam C. McMichael*
ADAM C. McMICHAEL
Assistant United States Attorney
Florida Bar No. 0772321
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401
Tel: (561) 820-8711
Fax: (561) 820-8777
Adam.mcmichael@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>RODERICK NORFUS,<br><br>*Defendant(s)* | Case No. 25-mj-8658-BER |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **December 8, 2023**, in the county of **Palm Beach** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute controlled substances |
| 18 U.S.C. § 922(g)(1) and 924(e) | Possession of a firearm by a prohibited person - convicted felon (Armed Career Criminal) |
| 18 U.S.C. § 924(c) | Possession of firearms in furtherance of drug trafficking |

This criminal complaint is based on these facts:

See Attached Affidavit

FILED BY _____TM_____ D.C.
Nov 5, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

☑ Continued on the attached sheet.

*Aramis Grigorian*
Complainant's signature

Aramis Grigorian, DEA Task Force Officer
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date: _____

*Bruce Reinhart*
Digitally signed by Bruce Reinhart
Date: 2025.11.05 17:37:17 -05'00'
Judge's signature

City and state: **West Palm Beach, FL**    Bruce E. Reinhart, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Aramis Grigorian, being duly sworn, do depose and state:

## BACKGROUND

1. I am a sworn Task Force Officer with the Drug Enforcement Administration ("DEA") and have served as a TFO since October 2025. I am also a sworn Police Officer with the Boynton Beach Police Department ("BBPD"), and in a law enforcement capacity since October 22, 2010. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516(1)(e) and Title 21, United States Code. As part of my duties and responsibilities, I have investigated violations of federal laws, including those pertaining to firearms, narcotics, and fraud.

2. This affidavit is submitted is submitted in support of an arrest warrant and criminal complaint charging **Roderick Norfus** (hereinafter "NORFUS") with violating federal law, including, the distribution of controlled substances and possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), possession of firearms by a prohibited person – convicted felon and Armed Career Criminal, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e), and possession of firearms in furtherance of drug trafficking, in violation of Title 18, United States Code, Section 924(c).

3. This affidavit is based upon information provided to me by other members of law enforcement and information known to me firsthand. Because this affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint, it does not set forth every fact that is known to me regarding this investigation.

1

## PROBABLE CAUSE

I.  **Background of the Investigation**

4. In or around November of 2022, the Boynton Beach Police Department ("BBPD") Violent Crimes Task Force began an investigation into a Drug Trafficking organization that BBPD deemed the "Joseph" Drug Trafficking Organization ("DTO"). This DTO was identified based on detectives receiving information that several members of the DTO were distributing large quantities of narcotics in Boynton Beach, throughout Palm Beach County, and in Broward County.

5. During the investigation, in the months of October 2023 through December 2023, the BBPD received judicial authorization for multiple Orders Authorizing the Interception of Wire, Oral, and Electronic Communications; the Installation and Use of Pen Register and Trap and Trace Device; Warrant for the Release and/or Receipt of Customer Records, Cell Site and Other Information Including Geolocation of Certain Communication Devices from the Honorable Daliah Weiss, Circuit Court Judge in the Fifteenth Judicial Circuit, in Palm Beach County, Florida. These Orders allowed the interception of several telephones linked to the Joseph DTO.

6. As the investigation progressed, your Affiant identified several members of this DTO, including Roderick Norfus ("NORFUS"). Based on intercepted calls, physical surveillance, and controlled purchases of narcotics from NORFUS, detectives established probable cause to charge NORFUS with various narcotic related charges. Additionally, law enforcement obtained two residential search warrants to search two separate premises that NORFUS was utilizing during the investigation.

II. **Undercover Purchases of Controlled Substances from NORFUS**

7. During this investigation, BBPD detectives intercepted over a dozen telephone calls during which NORFUS was purchasing and selling narcotics. BBPD detectives were able to

2

introduce an undercover PBSO Agent, herein referred to as "UC," to conduct controlled narcotic buys from NORFUS. The UC was able to conduct five narcotic transactions with NORFUS during the period of November 21, 2023, through December 2, 2023. During those purchases, NORFUS utilized two different telephone numbers to communicate with the UC concerning drugs.

8. On November 20, 2023, the UC sent text messages and a phone call to NORFUS. During the conversation the UC ordered a "ball of soft," which was street slang for 3.5 grams of powder cocaine. The UC made contact with NORFUS the next day, on November 21, 2023, and purchased the cocaine from NORFUS. The cocaine later field tested positive.

9. On November 22, 2023, the UC sent text messages and made phones calls to NORFUS. During the conversation the UC ordered twelve pressed Oxycodone pills. The UC met NORFUS that same day and purchased the pressed Oxycodone pills from NORFUS, The Oxycodone pills were later confirmed to be pressed heroin by Palm Beach County Sheriff's Office Crime Lab.

10. On November 26, 2023, the UC sent text messages and made phones calls to NORFUS. During the conversation, the UC ordered a "ball of soft," which was street slang for 3.5 grams of powder cocaine and twenty-five pressed oxycodone pills. The UC met NORFUS that same day and purchased the pressed Oxycodone pills and cocaine from NORFUS. The Oxycodone pills were later confirmed to be pressed heroin and cocaine tested positive by Palm Beach County Sheriff's Office Crime Lab.

11. On December 1, 2023, the UC sent text messages and made phone calls to NORFUS. During the conversation, the UC ordered $1400 worth of pressed oxycodone pills. The UC met with NORFUS that day and purchased thirty pressed oxycodone pills from NORFUS.

NORFUS advised that he would have to travel to Broward to get the remaining pills to complete the order. The Oxycodone pills later field tested positive for heroin.

12. On December 2, 2023, the UC sent text messages and made phone calls to NORFUS. During the conversation, UC introduced UC#2 (an undercover Boynton Beach Police Officer). The UC then confirmed that NORFUS was ready to complete the remaining pills from the original order. UC#2 then made contact with NORFUS and purchased the twenty-eight pressed oxycodone pills from NORFUS. The Oxycodone pills later field tested positive for heroin.

**III.   Two Residential Search Warrants**

13. Based upon the investigation, which included the undercover purchases of controlled substances from NORFUS, the interception of his telephone calls with the JOSEPH DTO, and surveillance, the Palm Beach County Sherrif's Office (PBSO) and BBPD obtained two residential search warrants. The first search warrant, for the address of 508 Newlake Drive, Boynton Beach, Florida 33426, was signed and authorized on December 4, 2023. The second search warrant, for the address of 2013 Northeast 5th Street Boynton Beach, Florida 33435, was signed and authorized on December 6, 2023. Both search warrants were issued by the Honorable Daliah Weiss, Circuit Court Judge in the Fifteenth Judicial Circuit, in Palm Beach County, Florida. Each warrant authorized the search and seizure of drugs, money, firearms and cell phones, as well as other property associated with the distribution, and possession with intent to distribute controlled substances.

14. On December 8, 2023, law enforcement executed both search warrants.

15. NORFUS was arrested during the execution of the first above mentioned search warrant, that is, at the address of 508 New Lake Dr, Boynton Beach, Florida. After securing the

residence, law enforcement identified the east side master bedroom as being utilized by NORFUS and a female. Inside that master bedroom, law enforcement seized the following evidence:

(i) four cellphones located on the bed and left nightstand area,

(ii) clear plastic bag containing cocaine (5.4 grams) and fentanyl caps (5.0 grams) on front dresser,

(iii) $3,194 United States currency located in the nightstand,

(iv) a Taurus GX4 9mm pistol located on the nightstand inside a glass cylinder,

(v) cocaine (383.3 grams) located on a nightstand inside a second glass cylinder,

(vi) crack cocaine (127.0 grams) located on nightstand on stop of a glass cylinder,

(vii) a scale on the nightstand,

(viii) a black Dolce box on the nightstand containing a bag of fentanyl (12.2 grams tested positive for fentanyl by PBSO crime lab); a bag of fentanyl (6.6 grams); a bag of cocaine (16.2 grams); a bag of amphetamine (12.9 grams); 35 blue pills marked "M" "30" Oxycodone (4.7 grams); and 24 Sublingual Buprenorphine Naloxone Films (22.3 grams),

(ix) a black Versace box on the nightstand containing 3 bags of cocaine (308.0 grams tested positive for cocaine by PBSO Crime Lab),

(x) a green box containing several bags used for the sale/distribution of narcotics, and

(xi) one Zastava, Serbia Model# PAPM92PV rifle in 7.62x39 caliber inside the closet.

Additionally, law enforcement found a black wallet inside the same master bedroom containing NORFUS' Florida Driver's License.

16. During the execution of the second above mentioned search warrant, that is, NE 5th Street, Boynton Beach, Florida, law enforcement found additional drug and firearm evidence. Specifically, at the NE 5th Street address, within the master bedroom, law enforcement located:

  (i) 15 rounds of Remington HTP ammunition,

  (ii) one black I-phone,

  (iii) a white Gucci bag containing a blender with white powder residue and rubber gloves,

  (iv) a white tray with a clear plastic bag with white residue, and

  (v) an Anderson MGF AM 15 multi-caliber rifle.

Additionally, law enforcement found correspondence containing NORFUS' name within the master bedroom. The items in NORFUS' name attached were three blue prescription pill bottles located on the dresser in the primary bedroom, one blue pill bottle inside the dresser drawer and a piece of mail located in a dresser drawer. The mail was addressed to Rodrick Norfus, at 15 Southern Cross Circle, #105, Boynton Beach, Florida 33436.

  17. Law enforcement also searched the kitchen at the NE 5th Street residence and found:

  (vi) a Zip Loc bag containing white residue,

  (vii) a box of clear plastic baggies,

  (viii) a Nike shoe box containing two clear plastic bags, razor, and loose white powder residue,

  (ix) a Gucci shoe box containing two electronic scales with white residue, a cell phone, metal fork, plastic baggies, and a white paper bag containing a clear plastic bag of suspected Fentanyl pills (24.8 grams), a clear plastic bag of white powder which later confirmed to be 21.3 grams of heroin by Palm Beach County Sheriff's Office,

  (x) a silver-colored cooking pot containing white residue, and

  (xi) a plastic bag with empty clear capsules labeled 1000 small.

18. A portion of the drugs recovered from the two search warrants and the firearms were processed for DNA. A standard of DNA from NORFUS was obtained via a State court motion for DNA. The standard was submitted for comparison against the recovered evidence.

19. On June 13, 2024, a report was issued by Bode Labs concerning the DNA analysis. As stated within the report, NORFUS' could not be excluded as a contributor to the DNA profiles found on several items and there were different levels of support to believe NORFUS was in fact a contributor. Specifically, as to the Taurus GX4 9mm pistol, the report noted that there was strong support that NORFUS was a contributor. In fact, the profile was noted to be approximately 1.5 sextillion times more likely if the profile came from NORFUS and two unknown people, than from three unknown, unrelated individuals. Another item that was tested included a bag of cocaine (383.3 grams) located on nightstand the first mentioned residence above. The DNA report noted that there was strong support that NORFUS was a contributor. In fact, the profile is about 57 million times more likely if it came from NORFUS and two unknown people, than from three unknown, unrelated individuals. A third item, that is, baggies with miscellaneous narcotics was also found to have strong support that NORFUS was a contributor. In fact, the profile is about 9.8 sextillion times more likely if it came from NORFUS and two unknown people, than from three unknown, unrelated individuals.

20. Three additional items were noted to have strong support that NORFUS was a contributor to the DNA profile found on the item. More specifically, the Anderson rifle was found to contain a mixture of DNA was strong support that NORFUS was one of the contributors. In fact, the profile is about 12 octillion times more likely if it came from NORFUS and three unknown people, than from four unknown, unrelated individuals. Another item mentioned in the report was a white paper bag containing a clear plastic bag of suspected Fentanyl pills (24.8 grams). Testing

determined that there was strong support that NORFUS was one of the contributors. In fact, the profile is about 500 quintillion times more likely if it came from NORFUS and two unknown people, than from three unknown, unrelated individuals. Finally, the report noted that a clear plastic bag of white powder fentanyl (21.3 grams) found during the searches contained a mixture of DNA and the results indicated strong support that NORFUS was a contributor. In fact, the profile is about 10 quintillion times more likely if it came from NORFUS and one unknown people, than from two unknown, unrelated individuals.

21. The firearms seized during the two search warrants were inspected by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). Based upon the research, knowledge, training and experience of ATF Special Agent Brittany Distefano, it was determined that all three firearms were manufactured outside the State of Florida, therefore having previously traveled in interstate or foreign commerce.

22. NORFUS is a convicted felon and at the time was on supervised release. NORFUS' felony convictions include, (i) a state conviction for possession of a firearm by a convicted felon in March 2018 (2014CF00838AMB), (ii) federal convictions for possession of a firearm by a prohibited person – convicted felon and possession with intent to distribute a controlled substance in 2016 (16-CR-80134-DTKH), (iii) a state conviction for possession of cocaine in 2012 (2011CF011595AMB), (iv) a state conviction for robbery with a firearm in 2008, for which he violated his probation in 2012 and received 72 months in State prison (2007CF007261AMB), and (v) a state conviction for possession of cocaine with intent to sell in 2006 (2006CF0011094AMB).

## CONCLUSION

23. Based upon the foregoing, I respectfully submit there is probable cause for the requested criminal complaint and arrest warrant.

FURTHER YOUR AFFIANT SAITH NAUGHT.

_____
Aramis Grigorian, Task Force Officer
Drug Enforcement Administration

Sworn and attested to me by APPLICANT by TELEPHONE (Facetime) pursuant to Fed. R. Crim. P 4(d) and 4.1 this _____ day of November 2025.

Digitally signed by Bruce Reinhart
Date: 2025.11.05 17:37:44 -05'00'

_____
HONORABLE BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

9

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

CASE NO.  25-mj-8658-BER

**Defendant's Name: RODERICK NORFUS,**

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
|  | Possession with Intent to Distribute Controlled Substances | 21 U.S.C. § 841(a)(1) and (b)(2)(C) | 20 years imprisonment<br>No mandatory / minimum<br>$1,000,000 fine<br>At least 3 years to life supervised release |
|  | Possession of a Firearm and Ammunition by Prohibited Person – Convicted Felon / Armed Career Criminal | 18 U.S.C. § 922(g)(1) and 924(e) | Life imprisonment<br>Mandatory / minimum of 15 years' imprisonment<br>$250,000 fine<br>5 years' supervised release |
|  | Possession of a Firearm During and in Relation to a Drug Trafficking Crime | 18 U.S.C. § 924(c) | Life imprisonment<br>Mandatory / minimum of 5 years' imprisonment that must be imposed consecutive to any other sentence<br>$250,000 fine<br>3 years' supervised release |